IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHIRLEY ANN COOKS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No: CIV-24-896-SLP |
| RENAISSANCE WATERFORD HOTEL OKLAHOMA CITY, et al., | ) ) ) |
| Defendants. | ) ) ) |

**O R D E R**

Before the Court is Defendants' Motion to Dismiss [Doc. No. 24]. Plaintiff, appearing pro se, has filed responses, *see* Doc. Nos. 45 and 48, but does not address the merits of Defendants' Motion in any of those responses.[1] Defendants have filed a Reply [Doc. No. 49] and the matter is at issue. For the reasons set forth, the Motion to Dismiss is GRANTED.

**I.   Background**

Plaintiff brings this action alleging employment discrimination under federal and state law. Defendants TPG Waterford, LLC d/b/a Renaissance Waterford Oklahoma City Hotel (misidentified as Renaissance Waterford Hotel Oklahoma City) (Renaissance), TPG Hotels & Resorts, Inc. (TPG) and Marriott International, Inc. (Marriott) (collectively,

---

[1] Plaintiff has been granted extensions of time to respond to the Motion to Dismiss. *See* Orders [Doc. Nos. 32, 42]. And although Plaintiff ultimately responded, she has not addressed the merits of the Motion to Dismiss. The Court, nonetheless, must "still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003).

Defendants), move to dismiss the Complaint with prejudice on grounds that Plaintiff has failed to state any plausible claims for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] Defendants Renaissance and TPG further move to dismiss the complaint for failure to effect proper service under Rule 12(b)(5) of the Federal Rules of Civil Procedure. For the reasons set forth below, dismissal under Rule 12(b)(6) is proper. Therefore, the Court deems it unnecessary to address the Rule 12(b)(5) arguments.

## II.  Governing Standard

In addressing a Rule 12(b)(6) motion, a court accepts all well-pleaded factual allegations of the complaint as true, views those allegations in the light most favorable to the plaintiff, and resolves all reasonable inferences in the plaintiff's favor. *Greer v. Moon*, 83 F.4th 1283, 1292 (10th Cir. 2023). But a complaint "cannot rely on labels or conclusory allegations." *Id*. Instead, it "'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A pro se complaint must be construed liberally and is held "'to a less stringent standard than formal pleadings drafted by lawyers.'" *Id*. (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Despite this liberal construction, a court does not act as an advocate on behalf of a pro se litigant. *Id*.

---

[2] Defendants subsequently filed a Notice [Doc. No. 28] and have withdrawn Section III(A) of their Motion. The Court, therefore, does not address the arguments contained in that portion of the Motion.

**III.     Factual Allegations of the Complaint**

Plaintiff purports to bring a federal claim under Title I of the Americans with Disabilities Act of 1990 (ADA), as amended by the ADA Amendments Act of 2008 (ADAAA).[3]  On her civil cover sheet, Plaintiff states that she was "terminated based on [her] disabilities as a form of retaliation for an incident that occurred."  *See* Doc. No. 1-2.  In her Complaint, Plaintiff further describes the incident.  Plaintiff claims that on Tuesday December 5, 2023, she "experienced a hostile work environment at Renaissance Waterford Hotel, Oklahoma City."  Compl. [Doc. No. 1] at 4, ¶ III.  An unidentified manager "put[] fingers in [Plaintiff's] face and yell[ed] [at her] in the presence of hotel guests."  *Id*.  Plaintiff did not feel comfortable reaching out to "HR."  *Id*.  Later, "HR informed [Plaintiff that] a complaint was filed by one of the guest[s] and an investigation would take place."  *Id*.  After this, management, aware of Plaintiff's disability, attempted to move her to another department, requiring her to work on the weekends and work longer hours which were outside the "restrictions of [her] disability."  *Id*.

Plaintiff's remaining claim purports to rely on Oklahoma state law.  She references the "Abusive Work Act of Oklahoma" and also references "Oklahoma Statutes of Workplace Discrimination."  Compl. at 1, ¶ IV.  In her civil cover sheet, she cites "Title 25/1302" which appears to be a reference to the Oklahoma Anti-Discrimination Act (OADA).  *See* Okla. Stat, tit. 25, § 1302 et seq.  The Court construes Plaintiff's state law claim as brought under the OADA.

---

[3] Codified as amended at 42 U.S.C. §§ 12101-12213.  For ease of reference, the Court uses the term ADA.

3

IV. **Discussion**

Defendants move for dismissal of Plaintiff's claims. Although Defendants address "race discrimination" and "age discrimination," Plaintiff's Complaint contains no factual allegations identifying either her race or her age nor does the Complaint allege conduct by any Defendant tied to Plaintiff's race or age.[4] The Court, therefore, declines to construe the Complaint as alleging any such claims. Instead, the Court construes Plaintiff's federal claim as brought pursuant to the ADA.

    A.     **Plaintiff's Claims under the ADA**[5]

Defendants seek dismissal of Plaintiff's ADA claims because the Complaint's allegations about her alleged disability are too "barebones." For this, and other reasons, the Court finds dismissal of any claims brought pursuant to the ADA is proper.

Title I of the ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to [the] . . . discharge of employees. . . . ." 42 U.S.C. § 12112(a). A "qualified individual" is an individual with a disability "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). To establish a prima facie case of discrimination, Plaintiff must show: (1) that she is disabled within the meaning of the ADA;

---

[4] Moreover, Plaintiff identifies the statutory basis for federal subject matter jurisdiction as "Title I of the American with Disabilities Act." *See* Compl. at 3, ¶ II(A).

[5] Plaintiff does not indicate the specific portion(s) of the ADA pursuant to which she bases her claims. Applying a liberal construction, the Court addresses a claim for discrimination under § 12112(a), a claim for retaliation under § 12203(a) and a failure to accommodate claim under § 12112(a), (b)(5)(A).

(2) that she is qualified for the job; and (3) that she was discriminated against because of her disability. *Lincoln v. BNSF Railway Co.*, 900 F.3d 1166, 1192 (10th Cir. 2018). An individual is considered disabled under the ADA if she has (1) "a physical or mental impairment that substantially limits one or more major life activities;" (2) "a record of such an impairment;" or (3) is "regarded as having such an impairment." 42 U.S.C. § 12102(1).

The Complaint conclusorily asserts that Plaintiff has a "disability." But Plaintiff fails to identify what disability she suffers from. The Complaint, therefore, is too vague to state a claim for relief based on discrimination. *See, e.g., Johnson v. Weld Cnty., Colo.*, 594 F.3d 1202, 1218 (10th Cir. 2010) (To assert a disability within the meaning of the ADA, "a plaintiff must articulate with precision both her impairment and the major life activity it substantially limits." (citation omitted)); *see also Steele v. Thiokol Corp.*, 241 F.3d 1248, 1253 (10th Cir. 2001) ("[I]n order to bring any claim under the ADA, a plaintiff must first establish that [s]he is a qualified individual with a disability.").

"The ADA's retaliation statute provides that 'no person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.'" *Lincoln*, 900 F.3d at 1209 (quoting 42 U.S.C. § 12203(a), (additional citations omitted)). To the extent Plaintiff brings a claim for retaliation under the ADA, she must show: that (1) she engaged in protected opposition to discrimination; (2) a reasonable employee would have found the employer's subsequent action to be materially adverse; and (3) a causal connection exists between the protected activity and the employer's action. *Id.* Here, Plaintiff's Complaint

5

contains no allegations to show that she engaged in protected opposition to discrimination and therefore, she has failed to state an ADA retaliation claim for relief.

Finally, to the extent Plaintiff purports to bring a failure to accommodate claim, she must show: (1) she was disabled; (2) she was otherwise qualified; (3) she requested a plausibly reasonable accommodation; and (4) Defendant refused to accommodate her disability. *Aubrey v. Koppes*, 975 F.3d 995, 1005 (10th Cir. 2020) (citations omitted). As discussed, Plaintiff alleges no facts to show she was disabled. Nor do the factual allegations of the Complaint address any of the remaining elements of a failure to accommodate claim.

In sum, under any of the alleged bases for ADA liability addressed, Plaintiff's allegations are too threadbare to state a claim for relief. Accordingly, the Court finds dismissal of Plaintiff's ADA claims is proper.[6]

**B.     Plaintiff's Claim under the OADA**

As to Plaintiff's remaining state-law claim, the OADA prohibits discriminatory employment practices based on an individual's disability and requires accommodation for the disability absent "undue hardship on the operation of the business of such employer." 25 Okla. Stat. § 1302. The OADA defines an "[i]ndividual with a disability" as "a person

---

[6] To the extent Plaintiff alleges a "hostile work environment" her allegations are insufficient to state a claim for relief. A one-time occurrence of an employer "yelling" at Plaintiff is insufficient to support any such claim. *See, e.g., Throupe v. Univ. of Denver*, 988 F.3d 1243, 1252 (10th Cir. 2021) (holding, in context of Title VII claim, that "a few isolated incidents of discriminatory conduct" are insufficient to support a claim for hostile work environment); *Schlecht v. Lockheed Martin Corp.*, 626 F. App'x 775, 779 (10th Cir. 2015) (applying Title VII standard to hostile work environment claim based on disability); *Goodson v. DeJoy*, No. 22-1338, 2023 WL 4782947 at *9 (10th Cir. July 27, 2023) (recognizing that hostile work environment claims are actionable under both Title VII and the ADA and applying same standard to both types of claims).

who has a physical or mental impairment which substantially limits one or more of such person's major life activities, has a record of such an impairment or is regarded as having such an impairment[.]" *Id*. at § 1301.

For the same reasons governing the discussion of Plaintiff's claims under the ADA, any state-law claim brought under the OADA must be dismissed. *See, e.g., Hamilton v. Okla. City Univ.*, 911 F. Supp. 2d 1199, 1206 (W.D. Okla. 2012) ("Because the protections provided by the OADA are co-extensive with the protections provided by federal law under the ADA, a plaintiff's OADA claim fails if her federal discrimination claims fail." (internal quotation marks and citations omitted)); *Barzellone v. City of Tulsa*, No. 99–5088, 2000 WL 339213, at *5 (10th Cir. Mar. 31, 2000) ("Barzellone's claim under the Oklahoma Anti Discrimination statutes fails for the same reasons her ADA and Title VII claims fail.") (footnote omitted)).

## V. **Leave to Amend**

It is dubious whether Plaintiff could state a plausible claim for employment discrimination if she were allowed to amend her Complaint. And Plaintiff has not requested leave to amend. Under these circumstances, the Court finds leave to amend would be futile. *See Sullivan v. Univ. of Kan. Hosp. Auth.*, 844 F. App'x 43, 52 (10th Cir. 2021) ( affirming district court's denial of leave to amend as futile where pro se litigant failed to provide a proposed amended complaint, file a formal motion seeking leave to amend, or give any indication of the basis for his perfunctory requests made in his responses to motions to dismiss); *Abu-Fakher v. Bode*, 175 F. App'x 179, 184 (10th Cir. 2006) (district court did not err by dismissing pro se plaintiff's complaint without sua

sponte granting leave to amend where plaintiff failed to respond to motion to dismiss and never requested leave to amend); *Bangerter v. Roach*, 467 F. App'x 787, 789 (10th Cir. 2012) (district court did not err by dismissing claims with prejudice where plaintiff made insufficient cursory request for leave to amend complaint and amendment likely would have been futile).

**VI.    Conclusion**

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss [Doc. No. 24] is GRANTED pursuant to Fed. R. Civ. P. 12(b)(6) and Plaintiff's Complaint is DISMISSED WITH PREJUDICE. A separate judgment of dismissal shall be entered.

IT IS SO ORDERED this 28th day of April, 2025.

*[signature]*

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE